UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81454-CIV-MARRA/JOHNSON

K.S.R. X-RAY SUPPLIES, INC., a Florida
corporation,

Plaintiff,

vs.

SOUTHEASTERN X-RAY, INC., a Georgia
corporation and TERRY GREENE, individually,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Bill of Costs (DE 30) and Verified Motion for Attorney's Fees (DE 31).  No response to the motions have been filed.  The Court has carefully considered the motions and is otherwise fully advised in the premises.

I.  Bill of Costs

Plaintiff seek costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920.

The particular items that may be taxed as costs are set out in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although the decision to award costs is discretionary with the Court, it may only tax those items specifically enumerated in 28 U.S .C. § 1920, absent alternative statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

A.  Fees of the Clerk

Plaintiff seeks to recover the $350 filing fee.  This fee is properly taxable as a cost under 28 U.S.C. § 1920(1).  See Yermal v. Astrue, No. 5:08-CV-529-Oc-GRJ, 2009 WL 4042919, at * 2 (M.D. Fla. Nov. 23, 2009).

Plaintiff also seeks to recover a private process server fees as costs.  The Eleventh Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's Service effectuate service. W & O, Inc., 213 F.3d at 623-24.  When the U.S. Marshal's Service serves process, its rate is $55 per hour for each item served, plus travel costs and any other out-of-pocket expenses. See 28 C.F.R. § 0.114(a)(3) (setting costs for service of process).

Specifically, Plaintiff seeks reimbursement for the service of the two summons in the amount of $125.00.  This charge exceeds the amount charged by the U.S. Marshal Service. Plaintiff has not substantiated that more than one hour of time was needed to effectuate service. Nor has Plaintiff provided evidence of travel costs or other out-of-pocket expenses incurred in

effectuating service. Hence, the Court will only award $110.00 for service of the two summons under § 1920.

    B.  Photocopying charges

Photocopying is considered a taxable cost pursuant to 28 U.S.C. § 1920 if they are necessarily obtained for use in the case. See McGregor v. Board of County Commissioners for Palm Beach County, 130 F.R.D. 464, 465 (S.D. Fla.1990). The Eleventh Circuit has instructed that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W & O, 213 F.3d at 623. It is not necessary that photocopies be used at trial or in any papers filed with the court to be taxable. Id. (rejecting argument that photocopies were not necessary because they were not used as court exhibits nor furnished to the court or opposing counsel). Charges for photocopies made merely for the convenience of counsel or the parties, however, are not taxable. Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 668 (M.D. Ala.1999); Desisto College v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla.1989), aff'd, 914 F.2d 267 (11th Cir.1990); Allen v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla.1988).

Here, Plaintiff seeks $18.49 for third-party copying costs for the thirteen pages of documents produced by Domains by Proxy's official response to Plaintiff's subpoena.  The Court has determined that this copying was related to the case and was reasonably necessary.  Therefore, the Court will award Plaintiff the requested copying costs.

    C.  Other Costs

Lastly, Plaintiff seeks to $31.75 in Federal Express charges related to mailing the complaint to Defendants and sending the summons and complaint to the process server.  Plaintiff

has not shown how this expense was a reasonably necessary cost that is appropriate to be taxed under 28 U.S.C. § 1920.  See Parrot, Inc. v. Nicestuff Distributing Intern., Inc., No. 06-61231-CIV, 2010 WL 680948, at * 16 (S.D. Fla. Feb. 24, 2010) (Federal Express charges not recoverable); Financial Bus. Equipment Solutions, Inc. v. Quality, No. 08-60769-CIV, 2009 WL 1423931, at * 3 (S.D. Fla. May 18, 2009) (same).  Therefore, the Court will not award Plaintiff the $31.75 in Federal Express charges.

II.  Motion for Attorney's Fees

The Court previously determined that Plaintiff is entitled to an award of attorney's fees. (DE 27.)  Thus, the only issue before the Court is the appropriate amount of the award.

A.  Reasonable Hourly Rate

Plaintiff's counsel submitted records, attached to his declaration, showing the attorney's fees incurred in this matter. (DE 31-1.)  The starting point in determining fees to be awarded is to multiply the number of hours reasonable expended on the case by a reasonable rate, to arrive at what is termed the "lodestar" amount. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir.1988). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services of lawyers with comparable skill, experience and reputation. Id. The Declaration of Joel B. Rothman indicates the following current applicable rates:

Joel B. Rothman (partner) - $350.00 per hour

Misha J. Kerr (associate) - $260.00 per hour[1]

Plaintiff's counsel has 19 years of legal experience, is board certified in intellectual

---

[1] The Court notes that Mr. Rothman is not seeking fees for the 4/10 of an hour at a rate of $435 by his partner Judith Grubner or 1.8 hours at a rate of $185 by his paralegal Rika Dunn.

property law by the Florida Bar and is AV rated by Martindale-Hubbell. (Rothman Decl. ¶¶ 2-3.) Ms. Kerr has practiced law for five years and has concentrated her practice in intellectual property law. (Kerr Decl. ¶ 4.) Plaintiff's counsel also submitted to the Court as additional support for the fees sought a Declaration of Robert H. Thornburg (DE 31-2), in which Mr. Thornburg opines that the present hourly rates fall within the prevailing market rate for attorneys in this type of intellectual property litigation. (Thornburg Decl. ¶ 7.)

In addition to the foregoing, the Court has also considered its own knowledge and experience concerning reasonable and proper attorneys' fees, and has formed an independent judgment on the reasonableness of the rates awarded herein based upon that knowledge and experience. Norman, 836 F.2d at 1303; Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). In arriving at its determination, the Court has also considered fee awards in similar cases, the attorneys' customary fees, the time involved in the case, the novelty and difficulty of the type of case, whether the fee was fixed or contingent and the attorneys' level of skill and experience. Norman, 836 F.2d at 1299; Mallory v. Harkness, 923 F. Supp. 1546, 1555 n.5 (S.D. Fla.1996), aff'd, 109 F.3d 771 (11th Cir.1997).

Considering the Court's knowledge of the rates charged by attorneys in the Southern District of Florida and the other matters set forth above, the Court finds that the hourly rates charged here are reasonable.

B.  The Hours Reasonably Expended

The next step is for the Court to determine the number of hours reasonably expended. The Court has reviewed and considered the time sheets submitted by Plaintiff's counsel, attached as Exhibit A-2, to the Declaration of Joel Rothman, the Declaration of Mr. Thornburg wherein he

opines that the hous sought are "reasonable and customary for the facts and circumstances of this case." The Court does not find any work excessive or duplicative, and finds the 28.3 hours in attorney time to be a reasonable amount of time to have spent on this case. As a result, the Court finds the "lodestar" amount to be $8,510.00 determined as follows:

| Timekeeper | Hours | Rate | Atty. Total |
|---|---|---|---|
| Joel Rothman | 12.8 | $350 | $4,480.00 |
| Misha J. Kerr | 15.5 | $260.00 | $4,030.00 |
| TOTAL | 28.3 | | 8,510.00 |

III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's Bill of Costs (DE 30) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff is awarded $478.49 in costs.

2) Plaintiff's Verified Motion for Attorney's Fees (DE 31) is **GRANTED.** Plaintiff is awarded $8,510.00 in attorney's fees.

3) The Court will separately issue judgment for Plaintiff.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of November, 2010.

_____
KENNETH A. MARRA
United States District Judge